DA 08-0459

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 141N

MARK T. NELSON and JO MARIE S. NELSON,

      Plaintiffs and Appellants,

  v.

RUTH ANN McLAUGHLIN and DWIGHT W. ALEXANDER,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Fifteenth Judicial District,
In and For the County of Roosevelt, Cause No. DV 07-40
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

         Lyle R. Panasuk, Attorney at Law; Sidney, Montana

      For Appellees:

         Robert J. Savage; Savage Law Firm; Sidney, Montana

         Terrence L. Toavs; Law Offices of Terrance L. Toavs; Wolf Point, Montana

Submitted on Briefs:  April 8, 2009

Decided:  April 22, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Nelsons appeal from the District Court's grant of summary judgment in favor of McLaughlin and Alexander. The following facts are not disputed: prior to 1995, Nelsons leased a farm from William Alexander, father of the Appellees. William's wife passed away in 1995 at which time Nelsons approached William, age 85, about purchasing the farm. William sold the farm and his one-half interest in the minerals to Nelsons for $13,200. Nelsons were clearly aware that William was selling and they were purchasing only 50 percent of the property's mineral interests. Ruth McLaughlin became concerned that her father William had sold the farm for considerably less than market value. In order to rectify the situation, McLaughlin and Alexander requested that Nelsons deed them the one-half mineral interests to the property. Nelsons refused. When it became apparent that McLaughlin and Alexander might seek to set aside Nelson's purchase of the farm, Nelsons executed quit claim deeds to McLaughlin and Alexander granting them each one quarter interest in the mineral interests. According to Mark Nelson, it was not until later that the Nelsons discovered they had deeded all of their interest in the mineral

rights as opposed to one-half of their one-half interest, which, Nelsons contended, was their intention. Accordingly, Nelsons filed suit to reform the deed on the theory that a grantor who has not received any consideration for the conveyance "is accorded the privilege of changing his mind and may not be compelled to make a gift previously intended and of which he has since repented, when no rights of others have intervened." *Laundreville v. Mero*, 86 Mont. 43, 51, 281 P. 749, 750 (1929).

¶3 The District Court correctly concluded that the transaction was not "voluntary" since there was consideration in that McLaughlin and Alexander agreed to forebear their right to sue on their father's behalf for rescission of the farm sale. The District Court further concluded that even if the transaction were voluntary, that factor is not dispositive. Rather, the equities (facts and circumstances) for each case must move the conscience of the court, whether the transaction is voluntary or not. *Laundreville*, 86 Mont. at 55, 281 P. at 752.

¶4 Noting that Nelsons were seeking reformation of the deed on grounds of unilateral mistake, the court turned to § 28-2-1611, MCA, which required Nelsons to show that, at the time they executed the quit claim deeds, Alexander and McLaughlin, as grantees, knew or suspected that the deeds did not truly express the intention of the parties. Since Nelsons conceded that the Appellees were not responsible for, were not aware of, and did not suspect that the quit claim deeds at issue did not truly express the intention of the parties, there were no material issues of fact as to unilateral mistake and the District

3

Court correctly granted summary judgment to Appellees and denied Nelsons' motion for summary judgment.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court correctly applied the case law and statutory provisions concerning reformation of a deed due to unilateral mistake and that Nelsons failed to show that there were any genuine disputes as to material facts which would preclude summary judgment.

¶6 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON